DECISION AND JOURNAL ENTRY
Appellant, James L. Bohl, appeals from an order of the Lorain County Court of Common Pleas, Domestic Relations Division, granting the parties a divorce and dividing the marital property. Because the parties have attempted to appeal from an order that is not final within the meaning of R.C. 2505.02, this appeal is dismissed.
On November 25, 1998, the trial court ordered:
 IT IS FURTHER ORDERED that [appellant's] interest in the Geon Company Retirement Savings Plan and [appellee's] interest in the Public Employee's Retirement System shall be divided as follows; [appellee] and [appellant] shall each retain as their own separate property, free of any claim by the other, one-half of the balance of the plan as of February 14, 1998, plus $47,386.53. The plan administrator shall transfer to the [appellee], by means of a Qualified Domestic Relations Order, one-half of the February 14, 1998, balance, plus an additional $20,831.28. This sum represents [appellee's] interest in the funds removed by [appellant], less [appellant's] interest in [appellee's] account with the Public Employee's Retirement System. The plan administrator shall also credit and pay to [appellee] any investment activity on her separate funds since February 14, 1998. Attorney for [appellee] shall also prepare both Qualified Domestic Relations Orders and submit them to attorney for [appellant] on or before December 30, 1998. Attorney for [appellant] shall deliver the orders to the Court on or before January 15, 1999.
 The record does not indicate that a Qualified Domestic Relations Order has been filed as set forth in the trial court's order. On April 20, 2000, this court issued an order requiring Mr. Bohl to file, on or before May 10, 2000, a memorandum explaining why this appeal should not be dismissed for lack of a final, appealable order. Mr. Bohl responded, but failed to demonstrate that the appeal should not be dismissed.
This court has jurisdiction to "review, affirm, modify, set aside, or reverse judgments or final orders[.]" R.C. 2501.02. Without the journal entry establishing the Qualified Domestic Relations Order dividing the Geon Company Retirement Savings Plan, no final appealable order exists. See Carestia v. Carestia (Mar. 15, 2000), Wayne App. No. 99CA0039, unreported, at 2. Therefore, we do not have jurisdiction to rule on this appeal.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
CARR, J., WHITMORE, J., CONCUR.